UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ME TECHNOLOGY, INC., d/b/a CAA USA,

    Plaintiff,

v.

                                Case No.:

ELLIOT BROWNSTEIN,

    Defendant.
_____/

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ME Technology, Inc., d/b/a CAA USA ("CAA USA"), sues Defendant Elliot Brownstein, and states:

## PARTIES

1. CAA USA is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located in Pompano Beach, Broward County, Florida, and it does business under the trade name "CAA USA."

2. Defendant Elliot Brownstein is a citizen of Florida who is domiciled in Palm Beach County, Florida. Prior to July 23, 2020, he was employed by CAA USA.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. The Court has supplemental jurisdiction over the common claims brought under state law because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. This Court has personal jurisdiction over Defendant because he is a resident of this judicial district.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

6. CAA USA markets and sells tactical accessories, optics, tools, and upgrades for firearms in Florida and throughout the United States. Accordingly, its computers, including computers utilized by Defendant, are used in interstate commerce.

7. Much of CAA USA's business is derived from marketing through social media sites, including Instagram, Twitter, Pinterest, and Facebook.

8. Defendant is a disgruntled former employee of CAA USA. Among his duties were the management of CAA USA's data and information, and its marketing efforts through social media sites, including Instagram, Twitter, Pinterest, and Facebook. As such, Defendant had access to CAA USA's credentials for managing and changing the credentials to social media sites, including Instagram, Twitter, Pinterest, and Facebook.

9. On or about July 23, 2020, Defendant quit his job with CAA USA without warning. On his CAA USA computer, Defendant evidently searched a CAA USA group chat on Whatsapp for the word "password." The same day, CAA USA's Instagram, Twitter and Pinterest websites went dark. When CAA USA attempted to get its social media pages back up and running, it was unable to do so because no one in the company has the credentials, which were at all relevant times accessible by and controlled by Defendant.

10. On information and belief, Defendant took action to shut down CAA USA's Instagram, Twitter and Pinterest pages and changed the email usernames to access those pages.

Such actions were taken clandestinely and were done with the intention to defraud and cause damage to CAA USA.

11.  On information and belief, Defendant took action to remove CAA USA employees as administrators of CAA USA's Facebook page.

12.  As a result of Defendant's action, CAA USA no longer has access to the data previously posted to its social media pages, or any ability to access or utilize this critical marketing tool.

13.  CAA USA demanded that Defendant provide the information in his possession and control to allow CAA USA to restore its social media pages, get access to those pages, and continue using the pages for marketing its products, but Defendant refused.

14.  All conditions precedent to bringing the action have occurred, been met or waived.

**COUNT I—INJUNCTIVE RELIEF FOR VIOLATION
OF COMPUTER FRAUD AND ABUSE ACT (CFAA)—18 USC § 1330**

15.  CAA USA realleges paragraphs 1-14.

16.  Defendant accessed a protected computer belonging to CAA USA and exceeded his authorization.  Defendant had no authorization to take down CAA USA's social media sites, including Instagram, Twitter and Pinterest or to change the credentials for accessing those sites, including Facebook, and thereby block CAA USA from its social media pages.

17.  In addition, Defendant knowingly and with the intent to defraud CAA USA accessed CAA USA's protected computers, exceeding his authority, and by means of such conduct furthered the intended fraud and obtained valuable information, namely CAA USA's Instagram, Twitter, Pinterest, and Facebook passwords and information.  Such information is valued above $5,000.  CAA USA has spent years and substantial money to develop its social media presence, and it has garnered millions of hits and hundreds of thousands of followers on its pages.  Social

media marketing is critical to CAA USA's sales business. The value to CAA USA of its social media pages is difficult to calculate with precision but is hundreds of thousands of dollars (if not more).

19. 18. As a result of Defendant's actions, CAA USA faces immediate irreparable harm in the loss of its data and loss of the use of the Instagram, Twitter and Pinterest pages that are essential to its business. This loss is not adequately compensable by money damages.

19. The balance of harms resulting from an injunction against Defendant weighs heavily in favor of CAA USA. The passwords and credentials for CAA USA's social media pages, including Instagram, Twitter, Pinterest, and Facebook are of essential value to its marketing efforts and without them CAA USA faces irreparable loss. To the contrary, there is no legitimate benefit to Defendant keeping the passwords and credentials, and to the contrary only the potential of the unlawful gain Defendant perceives in his ability to thereby harm CAA USA.

20. The public interest favors the issuance of an injunction. Public interest favors the protection of private property, including data and intellectual property. Further, the national public interest in protecting private computers and data is expressed in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, which makes exceeding a person's authorized access to a computer to further an intended fraud and obtain a thing a value a crime, and the subject of a civil action for injunctive relief. 18 U.S.C. § 1030(g).

WHEREFORE, CAA USA seeks temporary and permanent injunctive relief requiring Defendant to return to CAA USA its valuable information, including its social media (including Instagram, Twitter, Pinterest, and Facebook) passwords, usernames, and sign-on credentials, cooperate with CAA USA in recovering its social media pages and restoring its ability to access and utilize those social media pages, and cease and desist from changing or taking down the social

media pages, costs and fees incurred in bringing this action, and such further relief as the Court deems just and proper.

## COUNT II—DAMAGES FOR VIOLATION OF CFAA

21. CAA USA realleges paragraphs 1-14.

22. Defendant accessed a protected computer belonging to CAA USA and exceeded his authorization. Defendant had no authorization to take down CAA USA's social media sites, including Instagram, Twitter, Pinterest, and Facebook or to change the credentials for accessing those sites and thereby block CAA USA from its social media pages.

23. In addition, Defendant knowingly and with the intent to defraud CAA USA accessed CAA USA's protected computers, exceeding his authority, and by means of such conduct furthered the intended fraud and obtained valuable information, namely CAA USA's Instagram, Twitter, Pinterest, and Facebook passwords and information. Such information is valued above $5,000. CAA USA has spent years and substantial money to develop its social media presence for marketing its products, and it has garnered millions of hits and hundreds of thousands of followers on its pages. As a result of Defendant's actions, in addition to the loss of the value of its social media pages, CAA USA has suffered damage in excess of $5,000 in lost sales.

WHEREFORE, CAA USA seeks judgment for damages, pre-judgment and post-judgment interest, costs and fees incurred in bringing this action, and such further relief as the Court deems just and proper.

## COUNT III—COMMON LAW INJUNCTION FOR CONVERSION—REPLEVIN

24. CAA USA realleges paragraphs 1-14.

25. CAA USA owns valuable property in its social media sites and the data contained therein, as well as the credentials to access those sites.

26. In taking down CAA USA's social media sites and changing the access credentials, Defendant deprived CAA USA temporarily or permanently of the use of its property.

27. Defendant's actions were intentional and done with the intent to harm CAA USA.

28. As a result of Defendant's actions, CAA USA faces immediate irreparable harm in the loss of its data and loss of the use of the Instagram, Twitter and Pinterest pages that are essential to its business. This loss is not adequately compensable by money damages.

29. The balance of harms resulting from an injunction against Defendant weighs heavily in favor of CAA USA. The passwords and credentials for CAA USA's social media pages, including Instagram, Twitter, Pinterest, and Facebook are of essential value to its marketing efforts and without them CAA USA faces irreparable loss. To the contrary, there would appear to be no legitimate benefit to Defendant keeping the passwords and credentials, other than any improper gain the Defendant perceives in his ability to thereby harm CAA USA.

30. The public interest favors the issuance of an injunction. Public interest favors the protection of private property, including data and intellectual property. Further, the national public interest in protecting private computers and data is expressed in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, which makes exceeding a person's authorized access to a computer to further an intended fraud and obtain a thing a value a crime, and the subject of a civil action for injunctive relief. 18 U.S.C. § 1030(g).

WHEREFORE, CAA USA seeks temporary and permanent injunctive relief requiring Defendant to return to CAA USA its valuable information, including its social media (including Instagram, Twitter, Pinterest, and Facebook) passwords, usernames, and sign-on credentials, cooperate with CAA USA in recovering its social media pages and restoring its ability to access and utilize those social media pages, and cease and desist from changing or taking down the social

media pages, costs and fees incurred in bringing this action, and such further relief as the Court deems just and proper.

## COUNT IV—DAMAGES FOR CONVERSION

31. CAA USA realleges paragraphs 1-14.

32. CAA USA owns valuable property in its social media sites and the data contained therein, as well as the credentials to access those sites.

33. In taking down CAA USA's social media sites and changing the access credentials, Defendant deprived CAA USA temporarily or permanently of the use of its property.

34. Defendant's actions were intentional.

35. As a result of Defendant's actions, CAA USA has been damaged.

WHEREFORE, CAA USA seeks judgment for damages, pre-judgment and post-judgment interest, costs and fees incurred in bringing this action, and such further relief as the Court deems just and proper.

Dated: July 24, 2020.

Respectfully submitted,

By:  /s/ William K. Hill
William K. Hill
Florida Bar No.:  747180
Steven Sukert
Florida Bar No.:  1022912
**GUNSTER, YOAKLEY & STEWART, P.A**.
*Counsel for Plaintiff*
Brickell World Tower
Suite 3500
600 Brickell Avenue
Miami, FL  33131
Telephone: (305) 376-6092
Facsimile: (305) 376-6010

## VERIFICATION

I hereby affirm under penalties of perjury that the facts alleged in this Complaint are true and correct.

_____
Mikey Hartman, CEO
ME Technology, Inc.